UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2014 SEP -8 A 9: 53

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM THOMPSON,<br>Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | C.A. No. CA 14 - 395 M |
| | : | |
| ERWIN PEARL, INC., alias, | : | |
| ARMBRUST INTERNATIONAL, LTD., alias, | : | Jury Trial Demanded |
| F.O. INC. (FERNANDO ORIGINALS), alias, | : | |
| and SKIP WAITE, alias | : | |
| Defendants. | : | |

## COMPLAINT

### I.  Introduction

1.     This is an action brought by the Plaintiff against his former employer, Erwin

Pearl, Inc., alias, Armbrust International, Ltd., alias, F.O., Inc., alias, and Skip Waite, alias

(hereinafter, collectively "Defendants" unless otherwise indicated expressly or by context)

seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, costs and

other equitable relief, arising out of violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I. Gen. Laws §28-

12-1, *et seq.* and §28-14-1, *et. seq.,* and/or the Rhode Island Whistleblowers' Protection Act

("RIWPA"), R.I. Gen. Laws §28-50-1, *et. seq.*

### II.    Parties

2.     Plaintiff William Thompson is a resident of the City of Cranston, County of

Providence, and the State of Rhode Island, and was an employee, within the meaning of 29

U.S.C. § 203(e)(1) of the FLSA and R.I. Gen. Laws § 28-12-2(5) of the RIMWA, employed by

the Defendants.

3. Defendant Erwin Pearl, Inc., alias, is a corporation duly organized and incorporated under the laws of the state of New York, with a principal office located at 389 5th Avenue, New York, New York 10016-3320.

4. Defendant Armbrust International, Ltd., alias, is a corporation duly organized and incorporated under the laws of the state of Rhode Island, with a principal office located at 735 Allens Avenue, Providence, R.I. 02905.

5. Defendant F.O. Inc., alias, is a corporation duly organized and incorporated under the laws of the state of Rhode Island, with a principal office located at 185 Jefferson Blvd, Warwick, R.I. 02888.

6. Defendant Skip Waite, alias, at all times relevant to this action, upon information and belief, was the President of Defendant Armbrust International, Ltd. and was acting directly or indirectly in the interests of the Defendants as an employer, in relation to Plaintiff as an employee.

7. At all relevant times, Defendants were engaged in the stream of interstate commerce and were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and R.I. Gen. Laws § 28-12-2(6) of the RIMWA.[1]

8. Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendants on a regular, consistent and recurrent basis, as part of the Defendants' regular course of business of distributing product in

---

[1] *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007)(corporate officer personally liable because he was instrumental in causing corporation to violate FLSA); *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998); *see also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

interstate commerce, employed Plaintiff in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.

10.     Said enterprise, at all times hereinafter mentioned has had an annual gross volume of sales made or business done in the amount of not less than $500,000.00.  Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

### III.     Jurisdiction

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, 2201 and 2202 and 29 U.S.C. § 216(b).

### IV.     Venue

12.     Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and, therefore, are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391.  Moreover, a substantial part of the acts and/or omissions giving rise to the claim occurred in the District of Rhode Island.

### V.     Material Facts

13.     Plaintiff was employed by Defendants as the Director of Distribution at the Warwick, Rhode Island warehouse for almost twenty-seven (27) years, until his separation on or about July 22, 2013.

14.     Plaintiff was responsible for overseeing the distribution of fashion jewelry to retailers, both domestic and overseas.

15.     Plaintiff was hired in 1986 at an annual salary of thirty-two thousand ($32,000.00) dollars.

16.     Eventually, Plaintiff was promoted and provided a salary of seventy-five thousand ($75,000.00) dollars per year or @$1,442.31 for a forty (40) hour work week.

17.     At all relevant times, Plaintiff was a loyal, productive, and dedicated employee without any prior history of warnings or deficiencies.

18.     On or about the fall of 2008, Defendants were experiencing financial difficulties and cut back all employee schedules to four days per week, with a corresponding one-fifth (1/5) reduction in compensation.

19.     Accordingly, Plaintiff's salary was reduced to 60,000.00 or @$1,153.85 for a fixed thirty-two (32) hour work week.

20.     On or about January of 2013, Defendants moved into the same facility in Warwick, Rhode Island.

21.     During that same time period, Defendant Waite began to supervise the Plaintiff's job activities.

22.     Among other things, Defendant Waite was involved in scheduling, hiring, and firing decisions relating to Plaintiff's employment.

23.     On or about January of 2013, Defendants reinstated Plaintiff's work schedule to a five (5) day, forty (40) hour work week.

24.     Plaintiff asked Defendants to restore his salary to $75,000.00 or @$1,442.31 per work week in light of the additional eight (8) hours per week of work.

25.     Defendant Waite told Plaintiff that if he refused to work the additional day without pay he would need to look for another job.

26.     Specifically, Defendant Waite told Plaintiff that he either work the extra day for no additional pay or he would see his job in a help wanted advertisement.

27.     Plaintiff subsequently asked his secretary to inquire with the Rhode Island Department of Labor ("DOL") as to the legality of adding the day with no pay, to which the DOL responded that the requirement would violate state law.

28.     Plaintiff again complained and informed Defendants that working the additional day with no pay was a violation of the law.

29.     The president of Defendant F.O. Inc., Mike Weinghast, alias, simply responded "what are you going to do, if you say something you will be fired."

30.     Plaintiff had no choice but to work the additional eight (8) hour day each week for no pay or be terminated.

31.     Shortly after complaining about the illegality of the additional day with no pay, Defendants required Plaintiff to move out of his office and into a small cubicle in the middle of the warehouse.

32.     On or about July 22, 2013, Defendants terminated Plaintiff and transferred his job duties to his secretary.

### A.     Wage and Hour Violations under the FLSA and RIMWA

33.     Defendants had a legal duty to pay Plaintiff for all hours worked.

34.     Defendants' nonpayment of wages for hours worked by Plaintiff violates the Fair Labor Standards Act ("FLSA")[2] and the Rhode Island Minimum Wage Act ("RIMWA").[3]

---

[2] *See Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23-25 (D. Mass 2011)(The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26.  In effect, the employer was getting free hours of work from the employees); *see also*, 29 C.F.R. § 778.113(a)(when a salaried employee has a fixed workweek less than forty (40) hours, she is entitled to her hourly equivalent for all additional hours worked up until forty hours and time and one half for every hour worked above hour forty).

[3] The RIMWA mirrors the FLSA in that it largely incorporates the federal exempt worker categories. *See* R.I. Gen. Laws § 28-12-1, *et seq.*

35.     Despite the fact Plaintiff was an exempt employee scheduled to work a fixed thirty-two (32) hour, four (4) day work week, Defendants subsequently required Plaintiff to work an additional eight (8) hours per week without pay.

36.     When Plaintiff protested, Defendant threatened to terminate Plaintiff if he did not work the additional hours for no pay.

37.     Therefore, Plaintiff was not compensated for eight (8) hours per week of work from on or about January of 2013 until the date of his termination in violation of applicable law.

**B.     Retaliatory Discharge in Violation of the FLSA and RIWPA**

38.     The FLSA prohibits any employer from discharging or otherwise discriminating against any employee because such employee has "filed any complaint"[4] alleging a violation of the FLSA. *See* 29 U.S.C. § 215(a)(3).

39.     The RIWPA prohibits any employer from discharging or otherwise discriminating against any employee because such employee "reports verbally or in writing to the employer or to the employee's supervisor a violation . . . of a law or regulation or rule promulgated under the laws of this state, a political subdivision of this state, or the United States . . .." R.I. Gen. Laws §28-50-3(4).

40.     Defendants willfully and knowingly terminated Plaintiff because Plaintiff complained about the illegality of being forced to work an additional eight (8) hours per week without pay.

**C.     Damages**

41.     Defendants willfully and repeatedly violated the provisions of the FLSA, as well as the RIMWA, by requiring Plaintiff to work an additional eight (8) hours per week without

---

[4]"[F]iled any complaint" includes complaining to the employer about wage and hour violations. *See Valerio v. Putnam Assoc.*, 173 F.3d 35 (1st Cir. 1999).

compensation under threat of termination and then terminating Plaintiff for complaining about the same.

42.     As a result of Defendants' acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages and other compensation and/or benefits of employment and has suffered other great damage.

## VI.     Claims for Relief

43.     Plaintiff incorporates the allegations contained in ¶¶1 through 42 above in the counts set forth below.

### Count One
### *Fair Labor Standards Act,*
### *29 U.S.C. §201, et seq.*

44.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

### Count Two
### *Retaliation in Violation of the Fair Labor Standards Act*
### *29 U.S.C. § 215(a)(3)*

45.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by retaliating against Plaintiff and terminating his employment after he filed a complaint regarding a violation of the FLSA by Defendants, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

**Count Three**
*Rhode Island Minimum Wage Act,*
*R.I. Gen. Laws § 28-12-1, et seq., and R.I. Gen. Laws 28-14-1, et seq.*

46.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing to pay wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2.

**Count Four**
*Rhode Island Whistleblowers' Protection Act,*
*R.I. Gen. Laws §28-50-1, et. seq.*

47.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIWPA by retaliating against Plaintiff and terminating his employment after he complained about the failure of Defendants to pay him all wages due in violation of applicable law, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I. Gen. Laws §§ 28-50-4 and 5.

**VII.    Prayers for Relief**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1.     A declaratory judgment declaring the acts and/or omissions of the Defendants, including, but not limited to those complained of herein, are in violation of the FLSA and RIMWA.

2.     An award of back and front pay.

3.     An award of compensatory damages.

4.     An award of liquidated damages.

5.     An award of punitive damages.

6.     An award of reinstatement of employment, fringe benefits, and seniority rights, in lieu of front pay.

**Page 8 of 9**

7.   An award of interest, reasonable attorney's fees, and costs.

8.   An award of such other and further relief as the Court deems just and proper.

### VIII.   Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX.   Designation of Trial Counsel

Plaintiff hereby designates Richard A Sinapi, Esquire, as trial counsel.

Plaintiff, **William Thompson**
By his attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

Dated: September _8_, 2014

Richard A. Sinapi, Esq. (#2977)
175 Hillside Road
Cranston, RI 02920
Phone: (401) 944-9692; FAX: (401) 943-9040
Email: ras@sinapilaw.com